PEOPLE v. ALLEN.

INTOXICATING LIQUORS—ARREST—SEARCHES AND SEIZURES—EVIDENCE —CRIMINAL LAW.

Where sheriff had been informed that defendant was operating still on premises, and, on going there with others, found windows of house covered, so that no one could see in, the smell of mash pervaded the premises, and those present could hear pouring of liquid from one container into another, said facts justified the sheriff in concluding that felony was being committed in his presence, justifying arrest of plaintiff and search of premises without warrant, and evidence so obtained was admissible in his prosecution for violating prohibition law.

Error to Mecosta; Barton (Joseph), J.  Submitted June 13, 1929.  (Docket No. 138, Calendar No. 34,353).  Decided July 8, 1929.

A. Robert Allen was convicted of violating the liquor law.  Affirmed.

On right of peace officer to enter private house or enclosure for the purpose of making arrest without warrant for a suspected misdemeanor, see annotation in 26 A. L. R. 286.

On right to arrest without warrant on suspicion of violation of intoxicating liquor laws, see annotation in 44 A. L. R. 286.

*Penny & Worcester* and *John E. Dumon*, for appellant.

*Wilber M. Brucker,* Attorney General, and *Fred R. Everett,* Prosecuting Attorney, for the people.

POTTER, J.  Defendant was arrested, charged with manufacturing and having in his possession a quantity of moonshine whisky.  Before the justice of the peace, before whom he was brought after arrest, he moved to suppress the evidence gained by what he claims to have been an unlawful search and seizure. This motion was overruled, and defendant bound over for trial and was later convicted in the circuit court.  Upon the trial in the circuit he renewed his motion to suppress made before the justice, and seasonably objected to the introduction of any evidence covered by the motion.  His motion and objections were overruled, and defendant brings error.  The question is whether, under the facts, this motion should have been granted and the evidence suppressed at the trial.

The sheriff of Mecosta county, prior to defendant's arrest, had received reports that defendant was operating a still on the premises in question; that he was engaged in the liquor business.  The premises had been watched prior to that time.  On the morning in question, the sheriff, with others, went to the premises without a warrant for defendant's arrest and without a search warrant.  The windows of the house were covered with papers, blankets, and quilts, so that no one could see in.  The smell of mash pervaded the premises as it had the day before.  Those present could hear the pouring of liquid from one container into another.  The defendant opened the door.  The sheriff told him that he was under arrest.  The defendant stepped back

and shut the door. The officer and those present then heard someone breaking jugs and containers. They then opened the door into the woodshed and pushed open the door into the house. The defendant said, "All right, boys, come in." They found 11 barrels of mash, a still, two oil stoves, and a quantity of moonshine whisky. Defendant's family and defendant lived in Big Rapids. The place raided was known as the Mary White place. Defendant had a contract for its purchase, but her furniture was still on the premises.

The sheriff says that from the facts shown by the record he believed a felony was being committed in his presence prior to defendant's arrest. We think the facts justify this conclusion (*People* v. *Woodward,* 220 Mich. 511), and that under the circumstances the search was not illegal.

It follows that defendant's conviction should be affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.